**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 2 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHERI C. JOHNSON, AKA HotPink, | No. 25-2101 |
| Plaintiff - Appellant, | D.C. No. 2:24-cv-01070-JNW |
| v. | |
| AMAZON.COM, INC., dba Amazon Prime; MEGAN PETE, DBA Megan Thee Stallion, Musician, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Jamal N. Whitehead, District Judge, Presiding

Submitted June 30, 2026[**]

Before: GOULD, FRIEDLAND, and MENDOZA, JR., Circuit Judges.

This case began when Sheri Johnson sued Amazon.com and Megan Pete,

known professionally as Megan Thee Stallion, for allegedly copying her clothing,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

her persona as a rapper and chef, and her identity as a "Hot Girl." Johnson brought a claim under Washington's Personality Rights Act ("WPRA") and a claim of intentional infliction of emotional distress. The district court dismissed Johnson's pro se suit under Federal Rule of Civil Procedure 12(b)(6). Johnson now appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's dismissal for failure to state a claim de novo. *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). To survive a motion to dismiss for failure to state a claim, a complaint must allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007). A pro se complaint must be "liberally construed" and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation modified).

Leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Unified Data Servs., LLC v. FTC*, 39 F.4th 1200, 1208 (9th Cir. 2022) (citation modified). The district court allowed Johnson to file two amended complaints. In the order dismissing Johnson's suit for failure to state a claim, the district court concluded that granting further leave to amend would be futile.

1. Johnson first claims that Amazon.com and Pete misappropriated her

likeness under the WPRA. Her amended complaint alleges that an Amazon Prime Day commercial appropriated her "likeness and personality" by showing Pete as a "Hot Girl Chef." Johnson alleges that her "distinctive characteristics" are being a "black female hard-core rapper," having "publicly proclaimed to be a 'Hot Girl' for over the past at least 12 years," being a chef for over 12 years, and being "published and photographed" holding her "light purple cell phone" and wearing her "long-sleeve black lace." In this appeal, Johnson acknowledges that her stage name is HotPink, but she asserts that she has publicly identified herself as a "Hot Girl" for years.

The WPRA defines likeness as "an image, painting, sketching, model, diagram, or other clear representation, other than a photograph, of an individual's face, body, or parts thereof, or the distinctive appearance, gestures, or mannerisms of an individual." Wash. Rev. Code § 63.60.020(6). The district court was not aware of any Washington cases directly addressing whether an individual's characteristics are sufficiently distinctive to be protected by the WPRA and neither are we. But analogous cases support our conclusion that the Prime Day commercial cannot plausibly be considered an illicit use of Johnson's likeness.

For example, in *White v. Samsung Electronics America, Inc.*, we held that a commercial depicting a robot dressed in a wig and gown that resembled Vanna White's appearance and posed on the Wheel of Fortune set had not, under

California law, illegally used White's likeness. 971 F.2d 1395, 1396–97 (9th Cir. 1992). There is no meaningful difference between the California law at issue there and the Washington law at issue here. *Compare* Cal. Civ. Code § 3344 *with* Wash. Rev. Code § 63.60.010 *et seq.* In *White*, our court stressed that the robot had "mechanical features" rather than "White's precise features." 971 F.2d at 1397. A commercial using a celebrity's hair, clothing, signature pose, and job as the hostess of a famous game show was not enough to establish that it had unlawfully used her likeness. It would strain credulity, then, for us to conclude that the Prime Day commercial used Johnson's likeness by showing Pete as a chef and in lace clothing holding a purple cell phone. Even construing Johnson's allegations with the utmost liberality, wearing lace clothing, using a certain color of phone, and being a chef are not distinctive enough to constitute a "likeness." Johnson's allegations do not support a plausible claim under the WPRA.

2. Johnson also claims that the Prime Day commercial constituted intentional infliction of emotional distress ("IIED"). Under Washington law, the elements of an IIED claim are "(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress." *Kloepfel v. Bokor*, 66 P.3d 630, 632 (Wash. 2003). These claims must be based on behavior that is "outrageous in character" and "beyond all possible bounds of decency." *Id.* (citation modified). IIED does not

"extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.* (citation modified).

Even under the liberal construction afforded to pro se litigants, Johnson's emotional-distress claim falls short. Nothing she alleges suggests that Amazon.com or Pete acted outrageously or beyond all possible bounds of decency. Nor is there any indication that a third opportunity to amend could cure the deficiency of either of Johnson's claims.

**AFFIRMED.**

25-2101